**WESTAMERICA MORTGAGE COMPANY, Plaintiff,**

v.

**TRI–COUNTY REPORTS, INC., Defendant and Third-Party Plaintiff,**

**Trans Union Credit Information Co.; James Berke, d/b/a Berke Insurance Agency; and G.A. Mavon and Company, Third-Party Defendants.**

No. 85 C 0281.

United States District Court,
N.D. Illinois, E.D.

Sept. 21, 1987.

action, and not in an action for unjust enrichment. *Welt v. Koehring Co.,* 482 F.Supp. 437

(N.D.Ill.1979).

Sheldon L. Solow, Weissman, Smolev and Pond, Larry Selander/Monica L. Thompson (TPD Trans Union), Keck Mahin & Cate, Chicago, Ill., for plaintiff.

Franklin S. Schwerin/Eric S. Rein (Tri-County), Schwartz Cooper Kolb & Gaynor, Dale L. Schlafer/Stephen E. Ford/Mark S. Vilimek/Jo N. Bonell (TPD G.A. Mavon), Kielser & Berman, Willis R. Tribler (TPD Berke), Tribler & Marwedel, Chicago, Ill., for defendant and third-party plaintiff.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Third-party defendants James Berke, d/b/a Berke Insurance Agency and G.A. Mavon and Company ("Berke and Mavon") brings this motion to vacate a settlement entered into between plaintiff WestAmerica Mortgage Company ("WestAmerica") and defendant third party plaintiff, Tri-County Reports, Inc. ("Tri-County") in WestAmerica's action against Tri-County for breach of contract and negligence. For the reasons noted below, we deny the motion to vacate.

## FACTS

WestAmerica is a Colorado corporation with its principal place of business in Colorado. WestAmerica makes mortgage loans to businesses and individuals. In connection with its business, WestAmerica received a loan application from a company and three businessmen (collectively "the applicants") for a loan to purchase an apartment building in Lockport, Illinois. As part of its loan approval process, WestAmerica requested Tri-County, a credit investigation company, to prepare reports on the creditworthiness of the applicants. WestAmerica alleges in its complaint that it then relied on Tri-County's credit reports in determining that the applicants were qualified for the loan. Unfortunately the applicants subsequently defaulted on the loan. WestAmerica then brought this action against Tri-County alleging that it failed to include in its report to WestAmerica seven lawsuits and judgments involving the applicants, and that had WestAmerica been advised of the lawsuits prior to making the loan, it would not have made the loan.

Tri-County, in turn, filed a third party complaint for indemnification against Trans Union Credit Information Company ("Trans Union") and Berke and Mavon. Tri-County alleged that Trans Union failed to report the existence of the lawsuits and judgments to Tri-County when Tri-County requested a credit report from Trans Union on the applicants. In its complaint against Berke and Mavon, Tri-County alleged that Berke agreed to procure insurance for Tri-County for errors and omissions coverage, and that Mavon agreed to issue such a policy. Tri-County further alleged that Berke breached its agreement and breached its duty of reasonable care by obtaining for Tri-County a policy which failed to provide the necessary insurance coverage and by simultaneously assuring Tri-County that the existing policy provided the requested coverage. Mavon allegedly breached its duty of reasonable care by writing a policy which failed to protect Tri-County from errors and omissions.

Shortly after a pretrial conference with all parties, Tri-County entered into settlement agreement with WestAmerica for $325,000 which was to be satisfied by a lump sum payment of $10,000 and by the unconditional assignment of Tri-County's rights in and to any and all claims and causes of action it has against Trans Union, Berke and Mavon arising in tort, contract or otherwise relating to this case. Prior to this settlement, Berke and Mavon were told by Tri-County's attorney that it would probably settle with WestAmerica for $10,000 and an assignment of Tri-County's third party claims. (¶ 8, Thompson aff.; ¶ 3, Rein aff.; ¶ 5, Trible aff.) It is this settlement agreement that Berke and Mavon seek to vacate.

## MOTION TO VACATE

■ Under Illinois law,[1] Berke and Mavon, if found liable on the third party complaint for indemnity, will be liable for the full amount of Tri-County's settlement, as long as that settlement was made in reasonable anticipation of personal liability and the settled amount was reasonable even if they were not provided with notice of the settlement. *N.E. Finch Co. v. R.C. Mahon Co.*, 54 Ill.App.3d 573, 12 Ill.Dec. 537, 370 N.E.2d 160 (3d Dist.1977); *Nogacz v. Procter and Gamble*, 37 Ill.App.3d 636, 347 N.E.2d 112 (1st Dist.1975); *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.*, 12 Ill.App.3d 165, 298 N.E.2d 289 (1st Dist.1973).

■ An indemnitee who settles without notice to the prospective indemnitor need not prove that it was in fact liable in the principal action, but "need prove only that, by settling, he was responding to a reasonable anticipation of personal liability rather than acting as a mere volunteer." *St. Paul Fire and Marine Insurance Co. v. Michelin Tire Corporation*, 12 Ill.App.3d 165, 169, 298 N.E.2d 289, 292 (1st Dist. 1979). Accordingly, we reject Berke and Mavon's argument that they have the right to litigate Tri-County's liability to WestAmerica. *Accord Moses-Ecco Company v. Roscoe-Ajax Corporation*, 320 F.2d 685, 689 (D.C.Cir.1963).

■ Accordingly, the only relevant inquiry is whether the settlement was made in a reasonable anticipation of personal liability and whether the amount of the settlement was reasonable. Tri-County presented the affidavit of its attorney that during the course of discovery he examined documents which indicated that if WestAmerica succeeded on its claims, its damages award would have been between $581,851 and $1,143,522. The only evidence raised which casts any doubt upon Tri-County's liability to WestAmerica is the statement by Berke's attorney, Willis R. Tribler, that Tri-County's attorney, Eric Rein, told him "that there was no liability in Tri-County because an agent of WestAmerica, Paul Kessel, had admitted that he did not review the Tri-County report before making the loan that is the basis for this lawsuit." (¶ 9, Tribler aff.) Berke and Mavon do not explain why this fact is relevant to the issue of Tri-County's liability to WestAmerica. They do not provide any evidence which indicates what authority Kessel had or, if he had authority, whether Kessel was the only person with approval authority. On the other hand, Tri-County and WestAmerica provided the affidavits of Tri-County's attorney, Rein, and Trans Union's attorney, Monica L. Thompson, both of whom stated that at no time did Rein indicate that WestAmerica's case was one of non-liability. (¶ 5, Thompson aff.; ¶ 10 Rein aff.) There need not be proof more likely than not that Tri-County was liable to WestAmerica, only that it is clear that Tri-County was faced with a "reasonable anticipation of liability." *St. Paul*, 12 Ill. App.3d at 169, 299 N.E.2d at 292. We find, based on the record, that Tri-County faced a reasonable anticipation of liability.

---

1. No party specifically addresses the conflict of law issue in this case and alternately assumes federal procedural law or Illinois law applies. However, at least with respect to this motion to vacate a settlement, we find that Illinois law applies. According to the complaint, Illinois has the only significant contacts to the third party complaint against Berke and Mavon. Accordingly, for purposes of this motion, we will apply the substantive law of Illinois.

The second issue we must consider is whether the settlement amount was reasonable. "The reasonableness of the amounts paid in settlement is a matter bearing solely upon the issue of damages." *Id.* Berke and Mavon's attack on the reasonableness of the settlement ignores the question of WestAmerica's damages and instead focuses on the figures discussed at settlement conferences. Berke and Mavon argue that, because the figure $325,000 was never discussed during the settlement conferences, it is therefore unreasonable and implicitly fraudulent. However, these conferences concerned the possibility of settling all actions, including the third party actions. What WestAmerica may have been willing to accept in settlement of all the actions, thus avoiding the necessity of trial on any issues, is not at all relevant to what is reasonable to accept in a partial settlement that still requires a trial on the issue of third party liability. What is relevant is whether the $325,000 figure was reasonable in light of WestAmerica's damages. There is no evidence that questions the accuracy of WestAmerica's and Tri-County's contention that WestAmerica's damages ranged from $581,851 and $1,143,522. In light of these figures, a settlement of $325,000 is reasonable.

■ Berke and Mavon are principally concerned that Tri-County has been able to settle the $325,000 judgment for $10,000 cash and the assignment of its cause of action against the third parties. There is, however, nothing wrong with this procedure.[2] *See, i.e., Maneikis v. St. Paul Insurance Co.,* 655 F.2d 818 (7th Cir.1981). WestAmerica does not have a $325,000 judgment that it can automatically enforce against Berke and Mavon; all it has is the potential right to recover that amount *if* it is successful and *if* it proves Tri-County's case against Berke and Mavon. If Berke and Mavon elect not to settle prior to trial, WestAmerica will be forced to expend con-

siderable litigation resources to pursue that claim, and there is still no guarantee WestAmerica will be successful. In light of this, WestAmerica may still be inclined to settle Tri-County's assigned claim with Berke and Mavon prior to trial for considerably less than $325,000.

Berke and Mavon raise two other issues in their memorandum in opposition to the settlement that we should address to clarify our ruling. In their motion to vacate, Berke and Mavon argue that they can raise substantive defenses to the underlying liability of Tri-County to WestAmerica. They object to WestAmerica and Tri-County's citation to *Maneikis* which states that under Illinois law an insurer is estopped to deny coverage based on a policy exclusion when it fails to tender defense of the insured or seek a declaratory judgment of its obligations. *Maneikis,* 655 F.2d 821. It may be true that this does not apply to insurance brokers, but this does not mean that Berke and Mavon may raise substantive challenges to the underlying liability of Tri-County to WestAmerica. As discussed above, under Illinois law, the only challenges Berke and Mavon may raise to the settlement concern whether Tri-County had a reasonable anticipation of liability and whether the settlement amount was reasonable. Because we found both of these items were present, Berke and Mavon cannot challenge the settlement.

Berke and Mavon also cite *Schutter Candy Company v. Stein Brothers Paper Box,* 371 F.2d 340 (7th Cir.1966), for the proposition that "[w]here the third-party defendant is afforded no opportunity to contest the determinations made in a main action, as in the case of a consent judgment between the plaintiff and the defendant, there is no binding effect." (Berke and Mavon Memorandum at 8). This is a correct statement of the doctrine of collateral estoppel. It does not, however, have any relevance to this case. In *Schutter,* unlike

---

**2.** Berke and Mavon also make the argument that Tri-County could not assign more than it had, and thus the assigned rights are worth only $10,000. This argument was clearly rejected by the Seventh Circuit in *Maneikis v. St. Paul Insurance Co.,* 655 F.2d 818, 827 (7th Cir.1981), be-

cause it "overlooks the fact that the parties settled for $[325,000] to be satisfied by $[10,000] cash *and* the assignment to [WestAmerica] of all of [Tri-County's] rights against [Berke and Mavon]." *Id.*

this case, the basis of legal liability between the plaintiff and the defendant was the same as between the third party plaintiff and the third party defendants, breach of warranty. Thus, when the plaintiff and the defendant settled, the third party plaintiff still had to prove that the third party defendants had breached the warranty, and it could not rely on the settlement to establish liability. In *Schutter* the defendant, a box maker, was sued for breach of warranty by its customer, a candy maker, for selling foul-smelling boxes. The box maker, in turn, sued the paper supplier for breach of warranty for selling it the allegedly foul-smelling paper from which the boxes were made. Because the box maker admitted liability and only contested damages, no jury ever decided the question of fact as to whether the boxes were indeed malodorous. Because this was the basis of liability between the box maker and the paper supplier also, the issue was presented to the jury in the third party action. The jury, however, found that the boxes did not cause the smell, but that the problem came from the candy maker's old candy. Thus, the box maker lost its third party action, even though it had previously settled with the candy maker. Thus, all *Schutter* held was that the consent agreement could not collaterally estop the paper supplier from proving its case. Because the present case involves two separate theories of liability in the main claim and third party action against Berke and Mavon, *Schutter* is inapplicable. WestAmerica's claim against Tri-County is that it failed to disclose the law suits involving the loan applicants. Tri-County's theory against Berke and Mavon was for failure to procure insurance and failure to write a policy. Thus, *Schutter* is not at all helpful to Berke and Mavon's position.

In conclusion, we deny Berke and Mavon's motion to vacate the settlement because we find that the WestAmerica and Tri-County settlement was made in reasonable anticipation of Tri-County's liability and that the amount was reasonable. After reviewing this opinion and prior to the next status hearing set for October 2, 1987,

at 10:30 a.m., the parties still remaining in this litigation are directed to meet to determine whether full settlement can be achieved. It is so ordered.